IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 26 2015

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | |
|---|---|
| ADAM GARBER<br>PLAINTIFF<br><br>VS.<br><br>SHERIFF R.L. BUTCH CONWAY<br>COL. DON PINKARD<br>MAJOR D. HUGHES<br>GWINNETT COUNTY DET. CTR., et al.<br>SUED IN THEIR INDIVIDUAL<br>AND OFFICIAL CAPACITIES. | MEMORANDUM OF LAW AND BRIEF IN SUPPORT OF AN PRELIMINARY INJUNCTION & A TEMPORY RESTRAINING ORDER<br><br>CIVIL ACTION NO. 1:15-CV-00123-AT-JCF |

PLAINTIFF, PURSUANT TO FED. R. CIV. P. 65, REQUESTS THAT THIS COURT GRANT HIS MOTION, AND STATES THE FOLLOWING:

## STATEMENT OF FACTS

THE PLAINTIFF, ADAM R. GARBER, HAS BEEN A PRE-TRIAL DETAINEE AT GWINNETT COUNTY DETENTION CENTER SINCE DECEMBER, 2013. DURING THAT TIME THE PLAINTIFF AND ALL OTHER INMATES HAVE HAD TO ABIDE TO A POSTCARD-ONLY POLICY FOR INCOMING MAIL, BANNED FROM WATCHING ANY WORLD NEWS ON T.V. DURING RECREATION TIME, BANNED FROM RECIEVING WORLD NEWS PRINT MEDIA, SUCH AS THE USA TODAY NEWSPAPER, AND ARE NOT ALLOWED TO APPEAL ISSUES DENIED ON A GRIEVANCE. NEITHER ARE THE PLAINTIFF'S OTHER CORRESPONDENT'S AFFORDED REDRESS OR OPPORTUNITY TO AGGRIEVE THEIR MAIL BEING RETURNED TO THEM WITH NO PROCEDURAL DUE PROCESS.

## STANDARD FOR PRELIMINARY INJUNCTION

FOR A PLAINTIFF TO OBTAIN A PRELIMINARY INJUNCTION,

-1-

HE MUST ESTABLISH THAT:

1.) HE WILL SUFFER IRREPARABLE INJURY OR HARM UNLESS THE INJUNCTION IS GRANTED.
2.) THE THREATENED INJURY OUTWEIGHS ANY DAMAGE THE PROPOSED INJUNCTION MIGHT CAUSE THE OPPOSING PARTY; OR, THE BALANCE OF HARDSHIP FAVORS THE PLAINTIFF.
3.) THAT THE INJUNCTION, IF ISSUED, WILL NOT BE CONTRARY TO THE PUBLIC INTEREST, AND
4.) THAT IT HAS A SUBTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS.

SEE: OKLAHOMA ex rel. OKLAHOMA TAX COMM'N. V. INTERNATIONAL REGISTRATION PLAN, 455 F.3d 1107, 1112-13 (10th Cir. 2006), WHERE THE FIRST THREE REQUIREMENTS ARE MET, A MODIFIED, LESS STRINGENT, TEST AS TO THE "SUCCESS ON THE MERITS" ELEMENT MAY APPLY. DAVIS V. MINETA, 302 F.3d 1104, 1101 (10th Cir. 2002)

## ARGUMENT

### POINT I

THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1.) THE PLAINTIFF IS THREATENED WITH IRREPARABLE HARM IN THAT HE HAS CONTINUOUSLY BEEN DENIED HIS FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH AND ASSOCIATION, FREEDOM OF PRESS, HIS RIGHT TO PETITION FOR REDRESS; HIS FIRST AMENDMENT RIGHT TO PURSUE A GRIEVANCE, HIS FIFTH AMENDMENT RIGHT TO BE NOT DEPRIVED OF PROPERTY WITHOUT DUE PROCESS, HIS FOURTEENTH AMENDMENT RIGHT TO PROCEDURAL DUE PROCESS IN FILING A GRIEVANCE, BEING ABLE TO APPEAL THAT GRIEVANCE, AND RIGHT TO HAVE OPPORTUNITY FOR REDRESS BEFORE HIS MAIL IS RETURNED. AS A MATTER OF LAW, THE CONTINUING DEPRIVATION OF CONSTITUTIONAL RIGHTS CONSTITUTES IRREPARABLE HARM. ELROD V. BURNS, 427 U.S. 347, 373, 96 S.CT. 2673 (1976); AMERICAN TRUCKING ASSOC., INC. V. CITY OF LOS ANGELES, 559 F.3d 1046, 1058-59 (9th Cir. 2009). THIS PRINCIPLE HAS BEEN APPLIED IN PRISON LITIGATION GENERALLY, SEE: JOLLY V. COUGHLIN, 76 F.3d 468, 482 (2d Cir. 1996); NEWSOM V.

Norris, 888 F.2d 371, 378 (6th Cir. 1989); Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984).

In addition, the plaintiff is threatened with irreparable harm because the mail/postcard-only policy does not allow him to properly and adequately correspond with family and friends or other free world persons. It reduces the quality and quantity of communication between inmates and their correspondents by limiting amount of space in which the sender can write. This limitation results in a "reduction in communication" and "a minimization of the senders "speech". Mail is unquestionably protected by the First Amendment. See Procunier v. Martinez, 416 U.S. 396, 96 S.Ct. 1800, 40 L.Ed 2d 224 (1974). Additionally, the postcard-only policy limits the topics on which the correspondent can communicate about with an inmate, which in turn creates a hindrance to an inmates rehabilitation efforts, his hope of a successful re-entry into society, and it may jeopardizes him keeping his family together.

2) The balance of hardship favors the plaintiff. In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. See, e.g., Mitchell v. Cuomo, 748 F.2d 804, 808 (2d Cir. 1984) (holding that dangers posed by prison crowding outweighed state's financial and administrative concerns); Duran v. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986) (holding that prisoner's interest in safety and medical care outweighed state's interest in saving money by cutting staff.

In this case, the present suffering of the plaintiff and his potential suffering if he must continue with limited correspondence. The "sufferings" the defendants will experience if the court grants the order will consist of reading a letter instead of a postcard, and giving a reply to a grievance, something they should do everyday. The defendants hardship amounts to no more than business as usual.

3) The relieve sought will serve the public interest

-3-

IN THAT, IN THIS CASE, THE GRANT OF RELIEF WILL SERVE THE PUBLIC INTEREST BECAUSE IT IS ALWAYS IN THE PUBLIC INTEREST FOR PRISON AND JAIL OFFICIALS TO OBEY THE LAW, ESPECIALLY THE CONSTITUTION. PHELPS-ROPER V. NIXON, 545 F.3d 685, 690 (8th CIR. 2008); DURAN V. ANAYA, 642 F.SUPP. 510, 527 (D.N.M. 1986) ("RESPECT FOR LAW, PARTICULARLY BY OFFICIALS RESPONSIBLE FOR THE ADMINISTRATION OF THE STATE'S CORRECTIONAL SYSTEM, IS IN ITSELF A MATTER OF THE HIGHEST PUBLIC INTEREST."). LIEWELYN V. OAKLAND COUNTY PROSECUTOR'S OFFICE, 402 F.SUPP. 1379, 2393 (E.D. MICH. 1975) (STATING "THE CONSTITUTION IS THE ULTIMATE EXPRESSION OF THE PUBLIC INTEREST."). THE PUBLIC INTEREST IS BEST SERVED WHEN AN INJUNCTION IS ISSUED TO PROTECT FIRST AMENDMENT RIGHTS. ELROD V. BURNS, 427 U.S. 347, 373 (1976) (PLURALITY OPINION) ("[THE LOSS OF FIRST AMENDMENT FREEDOMS, FOR EVEN MINIMAL PERIODS OF TIME, UNQUESTIONABLY CONSTITUTES IRREPARABLE INJURY."); C.F. INC. V. REG'L TRANSP. DIST., F.3d 1343, 1347 (10th CIR. 1997) ("THE PUBLIC INTEREST ALSO FAVORS PLAINTIFF'S ASSERTION OF THEIR FIRST AMENDMENT RIGHTS.")... IN THIS MATTER BEFORE THE COURT, THE PUBLIC INTEREST IS BEST SERVED BY GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND RESTRAINING ORDER SINCE THE PUBLIC HAS NO INTEREST IN ENFORCING UNCONSTITUTIONAL RESTRICTIONS ON ACCESS TO MAIL. IF NO INJUNCTION IS ISSUED, PLAINTIFF WILL HAVE NO RECOURSE, SUCH AS MONEY, WHEN HE ULTIMATELY PREVAILS IN THIS LITIGATION. SEE CATE V. OLDHAM, 707 F.2d 1176, 1188-89 (11th CIR. 1983) (NOTING THAT "DIRECT PENALIZATION, AS OPPOSED TO INCIDENTAL INHIBITION, OF THE FIRST AMENDMENT RIGHTS CONSTITUTES IRREPARABLE INJURY" AND THAT "[ONE REASON FOR SUCH STRINGENT PROTECTION OF FIRST AMENDMENT RIGHTS CERTAINLY IS THE INTANGIBLE NATURE OF THE OF THE BENEFITS FLOWING FROM THE EXCERCISE OF THOSE RIGHTS; AND THE FEAR THAT, IF THESE RIGHTS ARE NOT JEALOUSLY SAFEGUARDED, PERSONS WILL BE DETERRED, EVEN IF IMPERCEPTIBLY, FROM EXCERCISING THOSE RIGHTS IN THE FUTURE").

4.) THE PLAINTIFF HAS A GREAT LIKELIHOOD OF SUCCESS ON THE MERITS. WHAT THE DEFENDANTS HAVE DONE - "INTENTIONALLY INTERFERRED WITH, AND VIOLATING THE PLAINTIFF, AND ALL INMATES, FIRST AMENDMENT RIGHTS WAS SPECIFICALLY SINGLED OUT BY THE

-4-

SUPREME COURT AS AN EXAMPLE OF UNCONSTITUTIONAL POLICY'S IN: WOLFISH V. LEVI, 573 F.2d 118, 130 (2ND CIR. 1978) ("THE RIGHT TO RECIEVE AND SEND MAIL IS UNQUESTIONABLY PROTECTED BY THE FIRST AMENDMENT"), rev'd AND rem'd ON OTHER GROUNDS BY BELL V. WOLFISH, 441 U.S. 520, 99 S.CT. 1861, 60 L.Ed 2d 447 (1979). AND IN: ELROD V. BURNS, 427 U.S. 347, 373 (1976) (FIRST AMENDMENT DEPRIVATIONS, REGARDLESS OF HOW SHORT THE DURATION, CONSTITUTE IRREPARABLE HARM OR INJURY. AND, POWELL V. ALABAMA, 391 F.3d 1 (1ST CIR. 2004) ALSO STATED IN A U.S. DISTRICT COURT CASES RETALIATION FOR EXCERCISE OF FIRST AMENDMENT RIGHT IS ACTIONABLE UNDER §1983, AS SO IS FIRST AMENDMENT RIGHT TO PURSUE A GRIEVANCE IN DAVIS V. GOORD 320 F.3d 346 (2ND CIR. 2003)

## POINT II

### THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

USUALLY A LITIGANT WHO OBTAINS INTERIM INJUNCTIVE RELIEF IS ASKED TO POST SECURITY. RULE 65(c), Fed. R. Civ. P. HOWEVER, THE PLAINTIFF IS AN INDIGENT PRISONER AND IS UNABLE TO POST SECURITY. THE COURT HAS DISCRETION TO EXCUSE AN IMPOVERISHED LITIGANT FROM POSTING SECURITY. ELLIOTT V. KIESEWETTER, 98 F.3d 47, 60 (3d CIR. 1996) (STATING THAT DISTRICT COURTS HAVE DISCRETION TO WAIVE THE BOND REQUIREMENT CONTAINED IN RULE 65(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE IF "THE BALANCE OF THE [] EQUITIES WEIGHS OVERWHELMINGLY IN FAVOR OF THE PARTY SEEKING THE INJUNCTION"); MOLTAN CO. V. EAGLE-PITCHER INDUSTRIES, INC., 55 F.3d 1171, 1176 (6th CIR. 1995). IN VIEW OF THE SERIOUS IRREPARABLE HARM CONFRONTING THE PLAINTIFF, THE COURT SHOULD GRANT THE RELIEF REQUESTED WITHOUT REQUIRING THE POSTING OF SECURITY.

### CONCLUSION

FOR THE FOREGOING REASONS, THE COURT SHOULD GRANT THE MOTION IN ITS ENTIRITY.

1-22-15
ADAM GARBER #99499879
GWINNETT COUNTY DET. CTR.
2900 UNIVERSITY PKWY.
LAWRENCEVILLE, GA. 30043

-5-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Adam Garber, PLAINTIFF<br><br>VS.<br><br>SHERIFF R.L. BUTCH CONWAY<br>COL. DON PINKARD<br>MAJOR D. HUGHES<br>GWINNETT COUNTY DETENTION CTR., et al.<br>SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY | ORDER TO SHOW CAUSE FOR AN PRELIMINARY INJUNCTION & A TEMPORARY RESTRAINING ORDER<br><br>CIVIL ACTION No. 1:15-CV-00123-AT-JCF |

UPON THE COMPLAINT, THE SUPPORTING AFFADAVITS, DOCUMENTS, AND DECLARATIONS, AND THE MEMORANDUM OF LAW SUBMITTED HEREWITH, IT IS:

ORDERED THAT DEFENDANTS, SHERIFF R.L. BUTCH CONWAY, JAIL COMMANDER COL. DON PINKARD, AND MAJOR D. HUGHES, SHOW CAUSE IN ROOM _____ OF THE UNITED STATES COURTHOUSE, AT _____ ON THE ____ DAY OF _____, 2015, AT _____ O'CLOCK, WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE PURSUANT TO RULE 65(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE ENJOINING THE DEFENDANTS, THEIR SUCCESSORS IN OFFICE, AGENTS AND EMPLOYEES AND ALL OTHER PERSONS ACTING IN CONCERT AND PARTICIPATION WITH THEM, FROM RETALIATING IN ANY WAY, OR SEGREGATING, OR PUNISHING THE PLAINTIFF AS A RESULT OF FILING THIS CIVIL ACTION, AND FROM CONTINUING TO VIOLATE HIS FIRST AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.

IT IS FURTHER ORDERED THAT EFFECTIVE IMMEDIATELY, AND PENDING THE HEARING AND DETERMINATION OF THIS ORDER TO SHOW CAUSE, THE DEFENDANTS SHERIFF R.L. BUTCH CONWAY, COL. DON PINKARD, MAJOR D. HUGHES, EACH OF THEIR OFFICERS, AGENTS, EMPLOYERS, AND ALL PERSONS ACTING IN CONCERT OR PARTICIPATION WITH THEM, ARE RESTRAINED FROM RETALIATING, PUNISHING, OR SEGREGATING THE PLAINTIFF FOR ANY REASON, ABSENT

A DISCIPLINARY INFRACTION, AS A RESULT OF FILING THIS COMPLAINT. FOR THE DEFENDANTS TO STOP VIOLATING THE PLAINTIFF'S FIRST AMENDMENT RIGHTS AND ALLOW INMATES AT GWINNETT COUNTY DETENTION CENTER TO RECIEVE INCOMING MAIL IN THE FORM OF LETTERS, RECIEVE WORLD NEWS PRINT MEDIA, ALLOWED TO WATCH WORLD NEWS ON T.V. DURING THEIR RECREATION TIME, AND TO CHANGE THE FACILITY'S GRIEVANCE PROCEDURE TO ALLOW REDRESS OF DENIED GRIEVANCES WITHOUT BEING THREATENED IF THEY DO, TO BE GIVEN PROCEDURAL DUE PROCESS ON ALL GRIEVANCES. FOR THE DEFENDANTS TO STOP USING POST CARD-ONLY POLICY.

IT IS FURTHER ORDERED THAT THE ORDER TO SHOW CAUSE, AND ALL OTHER PAPERS ATTACHED TO THIS APPLICATION, BE SERVED ON THE AFORESAID PLAINTIFF BY _____
                                                                                    DATE

SIGNED _____

DATED: _____
       UNITED STATES DISTRICT JUDGE