# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ADAM GARBER, | : | CIVIL ACTION NO. |
| Gwinnett Cnty. ID # 99499879, | : | 1:15-CV-00123-AT-JCF |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SHERIFF BUTCH CONWAY, | : | PRISONER ACTION |
| COL. DON PINKARD, | : | 42 U.S.C. § 1983 |
| MAJOR D. HUGHES, | : | |
| GWINNETT CNTY. DET. CTR., | : | |
|     Defendants. | : | |

## ORDER

Plaintiff, a pretrial detainee at the Gwinnett County Detention Center ("GCDC"), challenges via this civil rights action various GCDC policies and practices. Before the Court are the Magistrate Judge's two Reports and Recommendations [Docs. 17, 37]; Plaintiff's objections [Docs. 19, 24, 41]; and Plaintiff's motions for preliminary injunctive [Doc. 6; Doc. 10 at 2; Doc. 44], mandamus [Doc. 29] and other [Docs. 42, 45] relief. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the Reports to which Plaintiff objects, and has reviewed the remainder of the Reports for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

## I.  The First Report and Recommendation

In the Magistrate Judge's first Report and Recommendation, he recommends

that those claims be allowed to proceed in which Plaintiff alleges GCDC policies and practices that (1) restrict his access to world news media, (2) cause certain incoming mail items to be returned without prior notice, (3) restrict personal incoming mail to post cards only and (4) cause him to experience sleep deprivation. (Doc. 17 at 14). The Magistrate Judge further recommends that

> Plaintiff's grievance procedure claim be dismissed; [his] request to add Corporal Campbell as a Defendant be denied; [] the Gwinnett County Detention Center be dismissed; and [his] motion[s] for an arrest warrant for Corporal Campbell (Doc. 8) and . . . [for a supervisor to handle] his inmate grievances (Doc. 13) be denied because . . . [a prisoner] has no federal constitutional right to a grievance procedure.

(*Id.* (formatting altered)). And, finally, the Magistrate Judge recommends that,

> [t]o the extent that Plaintiff has filed separate motions asking that he be appointed as "assisted counsel" . . . and that this matter be allowed to proceed as a class action, . . . these motions also be denied[, and] his separate motion to convert this matter into a class action be denied, as Plaintiff may not represent other inmates.

(*Id.* at 14-15 n.2 (formatting altered; citations omitted)).

Plaintiff objects as follows: (1) because he has sued the GCDC *et al.*, the Court should not dismiss the GCDC as a Defendant; (2) because he has a First Amendment right to petition the government for redress, his grievance procedure claim and his claim against Corporal Campbell related to the latter's handling of his grievances should be allowed to proceed; (3) he would like the Court to appoint counsel because he "is asking for a jury trial with no legal schooling or degree"; (4)

2

he would like the Court to reconsider his request for weekly access to the GCDC law library; (5) he is resubmitting his motion to be appointed as "assisted counsel"; and (6) he "would just like to add to the record [his] objection" to the denial of his request for a class action, "so counsel can proceed to submit the class action in the future." (Doc. 19 at 1-3). In his supplemental objection, he cites cases to support a claim that he has a right to file grievances without retaliation. (Doc. 24 at 1 (citing, e.g., *King v. Ditter*, 432 F. Supp. 2d 813, 818-19 (W.D. Wis. 2006) (stating that petitioner's letter, like a formal grievance, "was protected speech and any adverse action taken by respondent on the sole ground that petitioner had written to the warden voicing his concerns with respondent's management decisions would be an impermissible act of retaliation"))).

All of Plaintiff's objections are frivolous. A county detention center such as the GCDC, sued *et al.* or not, is not a proper defendant to a lawsuit in Georgia. *See, e.g., Smith v. Striblings*, 1:13-cv-3066-WSD, 2014 U.S. Dist. LEXIS 79750, at *9 (N.D. Ga. June 12, 2014) (finding no error in the conclusion that "Plaintiff failed to state a claim against the DeKalb County Jail because, in Georgia, a facility, such as a jail, generally is not considered a legal entity amenable to suit" (quoting *Brannon v. Thomas Cnty. Jail*, 280 Fed. Appx. 930, 934 n.1 (11th Cir. 2008), to the effect that a "County Jail is not an entity capable of being sued under Georgia law")). If Plaintiff wishes to add other individual Defendants to this lawsuit, he must name

3

them and allege that each of them has violated his constitutional rights.

Plaintiff has not alleged that he was retaliated against for filing grievances, only that his grievances were ignored or that Corporal Campbell ripped them up, but no prisoner in this Circuit has a constitutional right to a grievance procedure, much less a right that his grievances be handled in any specific manner.  *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) ("[A]s various circuits have held when ruling on an inmate's claim that he was denied use of a prison's grievance procedure, an inmate has no constitutionally-protected liberty interest in access to that procedure."); *see also Jernard v. Comm'r, Ga. Dep't of Corr.*, 457 Fed. Appx. 837, 840 (11th Cir. 2012) (citing *Bingham* and stating that the Eleventh Circuit "has specifically held that there is no constitutionally-protected liberty interest in access to a grievance procedure provided for voluntarily by a prison").  But if Plaintiff's grievances were indeed ignored, as he alleges, he almost certainly would be excused from the obligation to exhaust his administrative remedies before proceeding to this Court.

Likewise, no prisoner may represent other prisoners in a class action.  *See Johnson v. Brown*, 581 Fed. Appx. 777, 781 (11th Cir. 2014) (affirming district court's denial of plaintiff's motion for class certification because "[a]s a pro se litigant, [a prisoner plaintiff] cannot bring an action on behalf of his fellow [] inmates").

4

Finally, Plaintiff has done an adequate job of presenting his claims to the Court to date, so that there does not yet appear to be a need to appoint counsel for Plaintiff. Such an appointment would be premature at this time because the case is at its very onset and no hearing or trial has been scheduled—or a need to order the GCDC to allow Plaintiff greater access to the law library. Plaintiff is free to renew his motion for the appointment of counsel at a later date, provided he detail the specific reasons or evidence demonstrating his difficulty in presenting his claims.

## II.    The Second Report and Recommendation

In the Magistrate Judge's second Report and Recommendation, he recommends that the Court deny Plaintiff's motions [Doc. 6, Doc. 10 at 2] for preliminary injunctive relief from the alleged violations noted above and that the Court also deny Plaintiff's motion for mandamus relief [Doc. 29]. (Doc. 37 at 19). The Magistrate Judge properly concludes that, with respect to each of Plaintiff's claims, he has not met the heavy burden of establishing his right to preliminary relief under the four-part test for assessing whether such relief is warranted.[1] (*See id.* at 2-3 *et seq.*). As the Report notes:

[W]hen a party seeks to enjoin a government agency, "his case must

---

[1]Long after the Magistrate Judge's second Report and Recommendation was entered, Plaintiff filed a motion for additional preliminary relief, in which he complains about the GCDC's allegedly restrictive magazine policy [Doc. 44], but that motion will be denied because Plaintiff has not met his burden under the four-part test for preliminary relief with respect to this new claim either.

5

>contend with the well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own affairs." *Rizzo v. Goode*, 423 U.S. 362, 378-79 (1976). "This 'well-established' rule bars federal courts from interfering with non-federal government operations in the absence of facts showing an immediate threat of substantial injury." *Midgett v. Tri-County Metropolitan District of Oregon*, 74 F. Supp. 2d 1008, 1012 (D. Or. 1999), *aff'd* 254 F.3d 846 (9th Cir. 2001).

(*Id.* at 3 (quoting *Martin v. Metro. Atlanta Rapid Transit Auth.*, 225 F. Supp. 2d 1362, 1372 (N.D. Ga. 2002))). The Magistrate Judge also concludes, correctly, that Plaintiff has not met the requirements for mandamus relief (*id.* at 17), and it appears that Plaintiff does not object to that conclusion (*see generally* Doc. 41).

In a long and rambling set of objections, Plaintiff offers scattered thoughts about why he considers the GCDC policies and practices that he challenges here to be so unfair as to require an immediate remedy from the Court. (Doc. 41 at 1-6). But when Plaintiff is not repeating arguments that he presented, unsuccessfully, to the Magistrate Judge, he fails to muster a coherent objection to the conclusion that he is not entitled to immediate relief in this case.

### III.  Conclusions

Finding no error, plain or otherwise, in the Magistrate Judge's Reports and Recommendations, the Court **OVERRULES** Plaintiff's objections [Docs. 19, 24, 41] and **ADOPTS** the recommendations in the Reports [Docs. 17, 37] as the Order of this Court.

6

Accordingly, Plaintiff's claims alleging GCDC policies and practices that (1) restrict his access to world news media, (2) cause certain incoming mail items to be returned without prior notice, (3) restrict personal incoming mail to post cards only and (4) cause him to experience sleep deprivation **ARE ALLOWED TO PROCEED**.

Plaintiff's remaining claims and all of his pending motions **ARE DENIED**, including his motions for preliminary injunctive relief [Doc. 6; Doc. 10 at 2; Doc. 44]; his motion for mandamus relief [Doc. 29]; his motion for subpoenas [Doc. 42], which is premature pending the filing of an answer or other response to his complaint; and his motion for additional law library time [Doc. 45], for the reasons noted above. The Gwinnett County Detention Center is **DISMISSED** from this action.

### IV.  Service of Process and Related Matters

The Clerk **SHALL** send Plaintiff a USM 285 form and summons for each of the three remaining Defendants – Sheriff Conway, Col. Pinkard and Major Hughes. Plaintiff **SHALL** complete a USM 285 form and summons for each Defendant and return the forms to the Clerk of Court **within 21 days** of the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk **SHALL** resubmit this action to the undersigned if Plaintiff fails to comply.

7

Upon receipt of the forms, the Clerk **SHALL** prepare a service waiver package for each Defendant for whom Plaintiff has completed the forms. The service waiver package must include two (2) Notice of Lawsuit and Request for Waiver of Service of Summons forms (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, and one (1) copy of this Order. The Clerk **SHALL** retain the USM 285 form and summons for each Defendant.

Upon completion of a service waiver package for each Defendant, the Clerk **SHALL** complete the lower portion of the Notice of Lawsuit and Request for Waiver form and mail a service waiver package to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package is mailed, the Clerk **SHALL** prepare and transmit to the U.S. Marshal's Service a service package for that Defendant. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon

receipt of the service package(s), the U.S. Marshal's Service **SHALL** personally serve that Defendant.  The executed waiver form or the completed USM 285 form **SHALL** be filed with the Clerk.

Plaintiff **SHALL** serve upon each Defendant or each Defendant's counsel a copy of every additional pleading or other document that is filed with the Clerk of Court. Each pleading or other document filed with the Clerk **SHALL** include a certificate stating the date on which an accurate copy of that paper was mailed to each Defendant or each Defendant's counsel.  This Court will disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff **SHALL** also keep the Court and each Defendant advised of his current address at all times during the pendency of this action.  Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

This matter, which is currently on a zero-month discovery track, is referred to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED** this 14th day of August, 2015.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

9