# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 26 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

8-23-15

ADAM GARBER
Gwinnett County ID # 99499879
   Petitioner (Plaintiff),

V.

Sheriff Butch Conway,
Col. Don Pinkard,
Major D. Hughes,
GWINNETT COUNTY JAIL CORPORATION, ET AL,
   Respondent (Defendant).

CIVIL ACTION NO.
1:15:CV-00123-AT-JCF

MOTIONS FOR RECONSIDERATION

## MOTIONS FOR RECONSIDERATION

CONSOLIDATED MOTIONS HEREIN (1) GARBER, HEREIN, BRINGS THESE MOTIONS BACK TO THE HONORABLE COURT MOVING FOR THE JUDGES HEREIN TO RECONSIDER THE ORDER FROM AUGUST 14TH 2015 BY JUDGE AMY TOTENBERG FROM THE R & R FROM JUDGE FULLER AND HIS RECOMMENDATION TO THIS COURT.
AUTHORITY FOR PROMULGATION OF RULES; FEDERAL RULES OF CIVIL PROCEDURE 28 USC 2072 (B) ALL LAWS IN CONFLICT WITH THESE RULES SHALL BE OF NO FURTHER FORCE OR EFFECT AFTER SUCH RULES HAVE TAKEN EFFECT.
FED. R. CIV. PROCD. 19 AND LOCAL RULES THAT SUPPLEMENT THESE RULES 7.1 MULTIPLE MOTIONS FILED AT THE SAME TIME, IN THE SAME CASE, SHALL BE CONSOLIDATED INTO ONE MOTION WITH MULTIPLE, CLEARLY LABELED PARTS AND SUBPARTS, CITED IN STEGMAN V. HORTON HOMES, INC., 845 F.Supp. 1571 (M.D. GA 1994)

## MOTION TO ADD DEFENDANTS AND PLAINTIFFS BY AUTHORITY FED. R. CIVIL. PROCD. 19 (A)

GARBER, HEREIN MOVES THE HONORABLE COURT BY THE ABOVE AUTHORITY FOR PERSONS TO BE JOINED DUE TO THE MANY INCONSISTANT RULES, S.O.P.'s, AND THE CONSTITUTIONAL

(1 of 8)

DEPRIVATIONS OF THE STATE AND UNITED STATES WHERE DEPUTYS WHO WILL BE NAMED AND SOME UNKNOWN DEPUTYS WILL BE REFERRED AS SUCH, (UNKNOWN).

19(A)(1) THE ADDITIONS WILL NOT DEPRIVE THE COURT OF SUBJECT MATTER JURISDICTION AND ACCORDINGLY MUST BE JOINED AS PARTY. 19(A)(1)(A) WITHOUT THE PERSONS WHO WILL BE ADDED THIS COURT CANNOT ACCOUNT COMPLETE RELIEF AND CLAIMS THAT HAVE NOT BEEN ASSERTED WILL BRING TO LIFE PARTYS CONVEYANCE THAT DEFENDANTS IGNORE IN THE OPERATIONS OF DEFENDANTS CAPACITYS. RULE 17.(B)(2) CAPACITY TO SUE OR BE SUED, FOR A CORPORATION, BY THE LAW UNDER WHICH IT WAS ORGANIZED (ETC). FED.R.CIV.PROCD. (A INTEREST OF PERSON, CORPORATE DISCLOSURE STATEMENT WILL BE NEEDED AND MOTIONS FOR THIS ISSUE WILL BE CONSOLIDATED HEREIN, AS BY LOCAL RULE 7.1 AUTHORIZES.)

UNITED STATES CONSTITUTION AND THE STATE OF GEORGIA CONSTITUTION HAVE BEEN VIOLATED AND DENIED TO INDIVIDUALS WHO WILL STATE THE CLAIMS, WHEN JOINED AS PARTY TO LIGHT THAT OTHERWISE, INCLUDE CLAIMS AT ISSUE. (RULE 19.(A)(1)(B)(ii), MAY LEAVE AN EXISTING PARTY SUBJECT TO A SUBSTANIAL RISK OF INCURRING DOUBLE MULTIPLE OR OTHERWISE INCONSISTANT OBLIGATIONS BECAUSE OF THE INTEREST. GEORGIA CONSTITUTION, ART. I, SECT. I, PARAGS. I AND II. NO PERSON SHALL BE DEPRIVED OF LIFE, LIBERTY OR PROPERTY, EXCEPT BY DUE PROCESS OF LAW. 14TH AMENDMENT - PROTECTION TO PERSON AND PROPERTY IS THE PARAMOUNT DUTY OF GOVERNMENT AND SHALL BE IMPARTIAL AND COMPLETE. NO PERSON SHALL BE DENIED EQUAL PROTECTION OF THE LAWS - 14TH AMENDMENT.

GEORGIA CONSTITUTION, ART. I, SECT. I, PARAG. VII. IT SHALL BE THE DUTY OF THE GENERAL ASSEMBLY TO ENACT SUCH LAWS AS WILL PROTECT THEM IN THE FULL ENJOYMENT OF THE RIGHTS, PRIVILEGES, AND IMMUNITIES DUE TO SUCH CITIZENSHIP. GEORGIA CONSTITUTION ART. V, SECT. II, PARAG. II THE GOVERNOR SHALL TAKE CARE THAT THE LAWS ARE FAITHFULLY EXECUTED AND SHALL BE THE CONSERVATOR OF THE PEACE THROUGHOUT THE STATE.

FEDERAL RULES CIVIL PROCEDURE 19.(A)(2) IF A PERSON

(2 OF 8)

HAS NOT BEEN JOINED AS REQUIRED, THE COURT MUST ORDER THAT THE PERSON BE MADE A PARTY, (ETC).
FEDERAL RULES CIVIL PROCEDURE 20.(A) PERSONS WHO MAY JOIN OR BE JOINED.
20.(A)(1) PLAINTIFFS. PERSONS MAY JOIN IN ONE ACTION AS PLAINTIFFS IF (A) THEY ASSERT ANY RIGHT TO RELIEF JOINTLY, SEVERALLY, OR IN THE ALTERNATIVE WITH RESPECT TO OR ARISING OUT OF THE SAME TRANSACTIONS OR OCCURRENCES, AND (B) ANY QUESTION OF LAW OR FACT COMMON TO ALL PLAINTIFFS WILL ARISE IN THE ACTION.
20.(A)(2) DEFENDANTS. PERSON - AS WELL AS A VESSEL, CARGO, OR OTHER PROPERTY SUBJECT TO ADMIRALTY PROCESS IN REM - MAY BE JOINED IN ONE ACTION AS DEFENDANTS IF: (A) ANY RIGHT TO RELIEF IS ASSERTED AGAINST THEM JOINTLY, SEVERALLY, OR IN THE ALTERNATIVE WITH RESPECT TO OR ARISING OUT OF THE SAME TRANSACTION, OCCURRENCE, OR SERIES OF TRANSACTIONS OR OCCURRENCES; AND (B) ANY QUESTION OF LAW OR FACT COMMON TO ALL DEFENDANTS WILL ARISE IN THE ACTION.
RULE 20.(B) PROTECTIVE MEASURES. THE COURT MAY ISSUE ORDERS - INCLUDING AN ORDER FOR SEPARATE TRIALS - TO PROTECT A PARTY AGAINST EMBARRASSMENT, DELAY, EXPENSE, OR OTHER PREJUDICE THAT ARISES FROM INCLUDING A PERSON AGAINST WHOM THE PARTY ASSERTS NO CLAIM AND WHO ASSERTS NO CLAIM AGAINST THE PARTY.

CONSOLIDATED MOTION (2)
MOTION FOR DEFENDANTS TO PROVIDE THE INTEREST OF PERSONS CORPORATE DISCLOSURE STATEMENT TO PLAINTIFFS HEREIN AND OR THEIR REPRESENTATIVES, (ATTORNEYS).
FEDERAL RULES OF CIVIL PROCEDURE RULE 7.1 (A) WHO MUST FILE DISCLOSURE STATEMENT. A NON-GOVERNMENTAL CORPORATE PARTY MUST FILE 2 COPIES OF A DISCLOSURE STATEMENT THAT =
(A)(1) IDENTIFIES ANY PARENT CORPORATION AND ANY PUBLICLY HELD CORPORATION OWNING 10% OR MORE OF ITS STOCK; OR
(A)(2) STATES THAT THERE IS NO SUCH CORPORATION.
(B) TIME TO FILE; SUPPLEMENTAL FILING. A PARTY MUST

(1) FILE THE DISCLOSURE STATEMENT WITH ITS FIRST APPEARANCE PLEADING, PETITION, MOTION, RESPONSE, OR OTHER REQUEST ADDRESSED TO THE COURT; AND (2) PROMPTLY FILE SUPPLEMENTAL STATEMENT IF ANY REQUIRED INFORMATION CHANGES.

IN THIS PROCEEDING GARBER, 1:15-CV-00123 CANNOT PERFECT SERVICE; (SEE O.C.G.A 9-11-4) UNTIL THIS CORPORATE DISCLOSURE STATEMENT HAS BEEN EXPOSED. FEDERAL RULES CIVIL PROCEDURE 22. INTERPLEADER 22.(A) GROUNDS. 22(A)(1) PERSON WITH CLAIMS THAT MAY EXPOSE A PLAINTIFF TO DOUBLE OR MULTIPLE LIABILITY MAY BE JOINED AS DEFENDANTS AND REQUIRED TO INTERPLEAD. JOINDER FOR INTERPLEADER IS PROPER EVEN THOUGH (A) THE CLAIMS OF SEVERAL CLAIMANTS OR THE TITLES ON WHICH THEIR CLAIMS DEPEND, LACK A COMMON ORIGIN OR ARE ADVERSE AND INDEPENDENT RATHER THAN IDENTICAL; (ETC). (B) RELATION TO OTHER RULES AND STATUTES, THIS RULE SUPPLEMENTS; (RULE 20.) AND DOES NOT LIMIT THE JOINDER OF PARTYS.

CONSOLIDATED MOTION (3)
MOTION FOR COMPLETION OF THIS MOTION AND TO HAVE THIS COURT SPECIFY ITS ORDERS FROM PAGE 5 SECOND R AND R TO EACH OF PLAINTIFFS CLAIMS NOT ESTABLISHING HIS RIGHT TO PRELIMINARY RELIEF AND TO EXPEDITE; (RESPECTFULLY) THESE PROCEEDINGS. GARBER NOW MOVES THIS COURT SPECIFICALLY TO REVIEW THE DENIED CLAIMS AND THIS MOTION FOR RECONSIDERATION AND AFTER AMENDMENTS ALLOW AVERMENTS TO THE MODIFIED VERSION; (IF MODIFIED) WHERE OBJECTIONS OR ADDITIONS MAY BE AVAILABLE OR BY RULES MANDATORY.
THE CORPORATIONS INVOLVED ARE THE GWINNETT COUNTY JAIL CORPORATION AND R.L. CONWAY CORPORATION; THE RULE 20(B) MOTION FOR JOINDER OF PARTYS, RULE 23 CLASS ACTION, (FEDERAL RULES CIVIL PROCEDURE), ARE RULES 18 THROUGH 23 AND MUST BE COMPLIED WITH IN THIS ACTION FOR THE INTEREST OF THE PLAINTIFFS, (MANY TO ADD), AND SPECIFICALLY THE INTEREST OF THE DEFENDANTS. THESE CIVIL RULES ARE PRECEDENT TO LOCAL RULES AND CASES CITED 28 USC 2072. (A)(B) ALL LAWS IN CONFLICT WITH SUCH RULES

(4 OF 8)

SHALL BE OF NO FURTHER FORCE OR EFFECT AFTER SUCH RULES HAVE TAKEN EFFECT.
(ADDED PUB. L. 100-702, TITLE IV, § 401 (A). NOV. 19th, 1988. 102 STAT. 4648, EFF DATE DEC 1st 1988; AMENDED PUB. L. 101-650; TITLE III, § 315, 321. DEC 1st 1990, 104 STAT 5115, 5117.)
SEE FEDERAL RULES OF CIVIL PROCEDURE WITH FORMS DECEMBER 1, 2013 PRINTED FOR THE USE OF THE COMMITTEE ON THE JUDICIARY HOUSE OF REPRESENTATIVES.
ACCORDING TO FED. R. CIV. P. 11(C), THE DEFENDANTS THAT HAVE RESPONDED ALREADY HAVE MADE FRIVILOUS STATEMENTS AS TO SERVICE AND HAS CAUSED DELAY, HARRASSMENT, AND NEEDLESS COST IN LITIGATION/LITIGATING MY CLAIM. 11.(A) SIGNED BY DEFENDANT AND THEIR ATTORNEY, (B)(1); (B)(2); (B)(3); (B)(4) ARE QUESTIONABLE AS TO DEFENDANT'S PLEADING AND WERE NOT ACCOMPAINED BY A CORPORATE DISCLOSURE STATEMENT RULE 7.1

CONSOLIDATED MOTION (4)
MOTION FOR CLASS ACTION/CERTIFICATION FOR CLASS ACTION, UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 23.
IN ACCORDANCE WITH R AND R, I WAS DENIED CLASS BECAUSE I COULD NOT REPERSANT THE CLASS OF INMATES OF 2,200 PLUS, BECAUSE AS PRO SE, INMATE IS NOT ALLOWED TO AND AN ATTORNEY MUST DO SO.
AS STATED UNDER RULE 23(G)(1), A COURT THAT CERTIFIES A CLASS MUST APPOINT CLASS COUNSEL. UNDER 23(G)(1)(A)(i) "GERALD WEBER, ESQ. BAR#744878 OF GEORGIA, PHONE#(404) 522-0507" AND OTHERS SUCH AS PRISON LEGAL NEWS HAS AND WILL CONTINUE TO ENSURE THAT DETAINEES MAINTAIN THE CONSTITUTIONAL RIGHTS WE ARE ENTITLED TO. THEY HAVE FOUGHT CLASS ACTION LAWSUIT TO THE SAME EXACT ISSUES ACROSS THE COUNTRY, INCLUDING AS OF RECENTLY CASE NO: 3:12-CV-125. WE INMATES ARE INNOCENT UNTIL PROVEN GUILTY, AND OUR RIGHTS SHOULD NOT BE DENIED, VIOLATED OR TAMPERED WITH. AS FOR (ii)(iii), AND (iv) PLEASE VIEW SUPRA. AS FOR (G)(2) HE/THEY BOTH WITHOUT A DOUGHT MEET THE REQUIRMENT UNDER RULE 23(G)(1) AND (4), AND AT THE VERY LEAST RULE

23(G)(3) INTERIM COUNSEL TO SHOW HOW/PUTATIVE CLASS BEFORE DENYING EVERYONE HERE A CHANCE TO ASSIST IN POSITIVE CHANGE.

CONSOLIDATED MOTION(S)
MOTION FOR EXTRA LAW LIBRARY ACCESS.
AS STATED IN NUMEROUS CASES, A SHORT PERIOD OF TIME IS NOT ADEQUATE TO RESEARCH, AND PREPAIR THE BEST BRIEFS, OR MOTIONS TO HELP SUCCEED IN LITIGATION. AS STATED NO LEGAL TRAINING OR SCHOOLING FOR LAW. A) I AM HINDERED WHILE DEFENDANTS HAVE ACCESS TO EVERY TOOL FROM INTERNATE TO BOOKS 24/7. AND AT THE CURRENT TIME IT IS "GARBER 27 YEAR OLD WITH A GED" AGAINST GWINNETTS CHIEF ASSISTANT ATTORNEY. PLEASE VIEW JOHNSON-EL v. SCHOEMEHL, 878 F.2d 1043, 1053 (8th cir. 1989) ONE HOUR TWICE A WEEK IN LAW LIBRARY WAS "OBVIOUSLY INADEQUATE TO RESEARCH MOST LEGAL CLAIMS"; WILLIAMS v. LEEKE, 548 F.2d at 1340 ("MEANINGFUL LEGAL RESEARCH" CANNOT BE DONE IN 45-MINUTE INTERVALS; CRUZ v. HAUCK, 627 F.2d at 720 (TWO OR THREE HOURS A WEEK MIGHT BE INADEQUATE; "THE PARAMOUNT CONSIDERATION IS WHETHER THE... HOURS OF ▓▓▓ AVAILABILITY ARE SUFFICIENT TO PROVIDE FOR MEANINGFUL LEGAL RESEARCH. I CURRENTLY GET ABOUT 1 HOUR 30 MINUTES A WEEK, 45 MINUTES I AM RESEARCHING CASES, THEN 45 OF LOOKING AT MOTION BOOKS STARTING TO DRAFT A BASIC OUTLINE. REQUESTING AT LEAST 3 HOURS AND INCLUDED FREE LEGAL CALLS DURING MY WEEKLY ACCESS.

CONSOLIDATED MOTION (6)
MOTION FOR APPOINTMENT OF COUNSEL.
BY DENYING APPOINTMENT OF COUNSEL, THEIR ARE APPLICABLE LEGAL PRINCIPLES ▓▓▓▓▓▓▓ TO THE COMPLAINT AND... LIMIT LITIGATION TO POTENTIALLY MERITORIOUS ISSUES. IN ADDITION, APPOINTMENT OF COUNSEL/LAWYER PROVIDES THE UNLETTERED INMATE WITH AN OPPORTUNITY TO OBTAIN REPRESENTATION EQUALLY QUALIFIED WITH THE PROFFESSIONAL COUNSEL USUALLY PROVIDED BY THE STATE FOR THE DEFENDANTS. FREQUENTLY, AS IN THE PRESENT INSTANCE, A LAWYER CAN NEGOTIATE THE SETTLEMENT OF A MERITORIOUS CLAIM. IF THE CASE

GOES TO TRIAL, COUNSEL FOR PLAINTIFF CAN SHORTEN THE TRIAL AND LIMIT EVIDENCE TO RELEVANT ISSUES, BENEFITING HIS CLIENT, OPPOSING PARTIES AND THE COURT. ~~[scratched out]~~ SEE KNIGHTON V. WATKINS, 616 F.2d 795, 799 (5TH Cir. 1980) AND IN TABRON V. GRACE, 6 F.3d at 156 (HOLDING THAT NEED FOR DISCOVERY SUPPORTS APPOINTMENT OF COUNSEL) AND PARHAM V. JOHNSON, 126 F.3d 454, 459 AND 460 (3RD CIR 1999) ("...[T]HE PRISONER'S LACK OF LEGAL EXPERIENCE AND THE COMPLEX DISCOVERY RULES CLEARLY PUT HIM AT A DISADVANTAGE IN COUNTERING THE DEFENDANT'S DISCOVERY TACTICS [AND THAT]...THESE [DISCOVERY] RULES PREVENTED [THE PLAINTIFF] FROM PRESENTING AN EFFECTIVE CASE BELOW.") AND ("IT MAY BE DIFFICULT FOR INDIGENT PLAINTIFFS TO UNDERSTAND THE COMPLEX DISCOVERY RULES" IN INVESTIGATING THEIR CLAIMS) ALSO IN ABDULLAH V. GUNTER, 949 F.2d at 1036 (NOTING NEED FOR COUNSEL TO INVESTIGATE THE APPLICATION OF AND ALTERNATIVE TO A CHALLENGED PRISON REGULATION). WITH THAT BEING SAID I WOULD LIKE MY APPOINTMENT FOR COUNSEL FOR GERALD WEBER RECONSIDERED PLEASE.
SEE ALSTON V. PARKER, 363 F.3d 229, 231 (3D Cir. 2004) APPOINTMENT OF COUNSEL TO INDIGENT PLAINTIFF APPROPRIATE GIVEN LEGAL AND FACTUAL MERITS OF CRUEL AND UNUSUAL PUNISHMENT AND INVOLUNTARY COMMITMENT CLAIMS;

CONSOLIDATED MOTION (7)
MOTION TO FIX OR APPEAL IF NEEDED
ACCORDING TO FED.R.CIVIL.P 11(C), IF DEFENDANTS REFUSE TO CORRECT OR WITHDRAW. I WILL SUBMITT A MOTION FOR SANCTION.

CONSOLIDATED MOTION (8)
MOTION TO ADD MAGAZINE BLANKETT POLICY HERE TO ADDITIONAL CLAIM SINCE IT WAS DENIED PRELIMINARY INJUNCTION.

PLAINTIFF RESPECTFULLY REQUEST FOR REVIEW OF THE (8) MOTIONS AND PRAYS FOR THE RELIEF AS BEEN ASKED FOR.

LAMENTATIONS 3:31-36 (KING JAMES VERSION) FOR THE LORD WILL NOT CAST OFF FOREVER: BUT THOUGH HE CAUSE GRIEF, YET WILL HE HAVE COMPASSION ACCORDING TO THE MULTITUDE OF HIS MERCIES. FOR HE DOTH NOT AFFLICT WILLINGLY, NOR GRIEVE THE CHILDREN OF MEN. TO CRUSH UNDER HIS FEET ALL THE PRISONERS OF THE EARTH, TO TURN ASIDE THE RIGHT OF A MAN BEFORE THE FACE OF THE MOST HIGH, TO SUBVERT A MAN IN HIS CAUSE, THE LORD APPROVETH NOT.

8-23-15
Adam Garber #99999879
G.C.D.C ADAM GARBER
2900 UNIVERSET PARKWAY
LAWRENCEVILLE GA 30043

(8 OF 8)

# Certificate of Service

Plaintiff Adam Garber # 99499879, At Gwinnett County Detention Center has mailed a copy of everything to Duane D. Pritchett, at 75 Langley Drive Lawrenceville Georgia 30046-6935 through Gwinnett County Internal Mail, and Forwarded to United States Postal Service on 09-23-2015.

I also have sent a copy to the United States District Court in Atlanta Georgia. A HAND WRITTEN COPY OF MOTIONS FOR RECONSIDERATION

X /s/ *[signature]*

Adam Garber # 99499879

Gwinnett County Detention Center

2900 University Parkway

Lawrenceville GA 30043