IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JACQUELINE GARBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | 1:16-cv-137-AT |
| SHERIFF BUTCH CONWAY, in his ) | |
| official and individual capacities, ) | |
| COLONEL DON PINKARD, in his ) | |
| official and individual capacities, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Jacqueline Garber requests this Court reconsider the grant of Defendants' motion to dismiss Plaintiff's damages claim stemming from Defendants' failure to provide her notice of censorship of her mail and failure to afford her an opportunity to appeal a censorship decision.

### I. BASIS FOR PLAINTIFF'S MOTION FOR RECONSIDERATION

Under Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice" and should only be filed when a party believes doing so is absolutely necessary. Circumstances which meet this requirement include "a need to correct a clear error of law or fact." *Jersawitz v. People TV*, 71 F.Supp.2d

1

1330 (N.D. Ga.1999); *Paper Recycling, Inc. v. Amoco Oil Co.*, 856 F.Supp. 671, 678 (N.D. Ga.1993).

In this case, Plaintiff believes that this motion for reconsideration is appropriate because this Court appears to have overlooked Plaintiff's due process claim because it based its decision in this case on the related case filed by Plaintiff's son, Adam Garber. This Court's order did not directly address Plaintiff's due process claim, and Defendants did not directly address the due process claim in their motion to dismiss. Nevertheless, the Court's order granted Defendants' motion to dismiss all of Plaintiff's claims for damages. But Ms. Garber's due process claim is unique to this case and is not included in her son's lawsuit.

The purpose of this motion is not to raise new arguments, but merely to call this issue to the Court's attention. Plaintiff believes that clearly established law supports Plaintiff's due process claim against Defendants and, as a result, they are not entitled to qualified immunity as to that claim.

## II. DEFENDANTS' FAILURE TO PROVIDE NOTICE OF CENSORSHIP TO INDIVIDUALS OUTSIDE THE JAIL VIOLATES CLEARLY ESTABLISHED LAW UNDER THE FOURTEENTH AMENDMENT

Clearly established law shows that when a jail censors or rejects a piece of mail, it must provide the sender of the mail: (1) appropriate notice; (2) a reasonable

opportunity to challenge the initial decision; and (3) an ultimate decision by a disinterested party not privy to the initial censorship decision. *Procunier v. Martinez*, 416 U.S. 396, 417 (1974).

Plaintiff's complaint (*Doc. 1*) alleges that Defendants' mail policy provides: (1) no notice of rejection or censorship of mail; (2) no notice of the reason for censorship of a piece of mail; (3) no opportunity to contest a censorship decision; (4) no appeal mechanism or procedure. Plaintiff's complaint states:

17. As a matter of policy and practice, GDC does not notify individuals in the free world who send mail to inmates at GDC when their mail is rejected, censored or refused by GDC.

18. Plaintiff has not received any notifications from GDC that the mail she has sent her son has been rejected even though GDC has rejected such mail on a number of prior occasions.

20. Even if a piece of mail is returned to the sender, there is no way for the sender of mail to know the reason for the rejection, and no avenue of appeal available for the sender of mail to challenge the decision to censor the piece of mail.

59. Under GDC policy, no notice is given to the sender of mail and there is no opportunity to appeal a decision to censor or reject mail.

Because the Jail does not provide notice, an opportunity to appeal, or an appeal mechanism, its policy violates Plaintiff's clearly established rights.

This holding is consistent with *Prison Legal News v. Chapman*, 44 F. Supp. 3d 1289, 1307 (M.D. Ga. 2014), where the court found the plaintiff was entitled to

damages because "[t]he Jail [did] not have a policy that requires a sender to be notified every time the Jail decides not to deliver to an inmate a book, magazine, or nonpostcard [sic], i.e., multi-page, letter from the sender," and therefore the "Jail's notice and appeal policy violates [the plaintiff's] procedural due process rights." The Court found these rights were clearly established under *Procunier*, which was "decided almost forty years ago, [and] clearly and explicitly established the minimum procedural process a jail must provide under the Fourteenth Amendment in the context of mail censorship." *Id.*

Plaintiff requests this Court find that her complaint sets out a claim that Defendants' lack of notice and appeal policies violate clearly established law and therefore permit her claim for damages stemming from her Due Process to proceed.

Respectfully submitted, this 1st day of December, 2016.

| | |
|---|---|
| s/Brian Spears | s/Gerald Weber |
| G. Brian Spears | Gerald Weber |
| Georgia Bar No. 670112 | Georgia Bar No. 744878 |
| | |
| 1126 Ponce de Leon Avenue | P.O. Box 5391 |
| Atlanta, Georgia 30306 | Atlanta, GA 31107 |
| Phone: 404-872-7086 | Phone: 404-522-0507 |
| Fax: 404-892-1128 | wgerryweber@gmail.com |
| bspears@mindspring.com | |

<u>s/Jeffrey Filipovits</u>
Jeffrey R. Filipovits
Georgia Bar No. 825553

2900 Chamblee Tucker Road
Building 1
Atlanta, Georgia 30341
Phone: 770-455-1350
Fax: 770-455-1449
jrfilipovits@gmail.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

s/Jeffrey R. Filipovits
Jeffrey R. Filipovits
Georgia Bar No. 825553

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JACQUELINE GARBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | 1:16-cv-137-AT |
| SHERIFF BUTCH CONWAY, in his official and individual capacities, COLONEL DON PINKARD, in his official and individual capacities, | ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification to counsel of record who are CM/ECF participants:

Duane D. Pritchett
Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, GA 30046-6935

This 1st day of December, 2016.

/s/Jeffrey R. Filipovits
Jeffrey R. Filipovits
Georgia Bar No. 825553
*Attorney for Plaintiff*

FILIPOVITS LAW, P.C.
2900 Chamblee-Tucker Rd.

Building 1
Atlanta, Georgia 30341
Phone: 770-455-1350
Fax: 770-455-1449
jrfilipovits@gmail.com