**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ADAM GARBER, | : | CIVIL ACTION NO. |
| GDC ID # 1001944380, | : | 1:15-CV-00123-AT-JCF |
| JACQUELINE GARBER, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SHERIFF BUTCH CONWAY, | : | 42 U.S.C. § 1983 |
| COL. DONALD PINKARD, | : | |
|     Defendants. | : | |

**ORDER**

In December 2016, the Court consolidated this case, 1:15-cv-123, filed by Adam Garber while he was a pre-trial detainee at the Gwinnett County Detention Center ("GCDC"), with a later, related case, 1:16-cv-137, filed by his mother, Jacqueline Garber. (Doc. 151). The following claims remain: (1) Adam and Jacqueline Garber's official-capacity claims against Sheriff Conway and Col. Pinkard, seeking prospective relief from the GCDC's postcard-only and newspaper policies; and (2) Jacqueline Garber's official-capacity claims against Sheriff Conway and Col. Pinkard, seeking prospective relief from the GCDC's greetings card ban and its mail censorship policy, i.e., the alleged rejection of incoming mail without notice to the sender and an opportunity to object before the mail is returned. All of the Plaintiffs' individual-capacity claims for damages have been dismissed. (*See* Docs. 137, 141, 153).

In January 2017, in the Superior Court of Gwinnett County, Adam Garber pled

guilty to second-degree murder and was transferred from the GCDC to state prison. (Doc. 156 at 1; Doc. 156-1). Defendants have moved to dismiss as moot his claims for prospective relief. (Doc. 156). Both Plaintiffs acknowledge that all of their claims for prospective relief are now moot and, therefore, "they do not plan to proceed with the[se] claims." (Doc. 157 at 1).

But Jacqueline Garber has timely moved for reconsideration of the dismissal of her individual-capacity claim for damages based on the GCDC's mail censorship policy. (Doc. 154). She argues:

> Clearly established law shows that when a jail censors or rejects a piece of mail, it must provide the sender of the mail: (1) appropriate notice; (2) a reasonable opportunity to challenge the initial decision; and (3) an ultimate decision by a disinterested party not privy to the initial censorship decision.

(*Id.* at 2-3 (citing *Procunier v. Martinez*, 416 U.S. 396, 417 (1974) ("the decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards"))). She notes that her complaint alleges that "Defendants' mail policy provides: (1) no notice of rejection or censorship of mail; (2) no notice of the reason for censorship of a piece of mail; (3) no opportunity to contest a censorship decision; (4) no appeal mechanism or procedure." (*Id.* at 3; *see* 1:16-cv-137, Doc. 1 ¶¶ 17, 18, 20, 59).

Ms. Garber concludes: "Because the [GCDC] does not provide notice, an opportunity to appeal, or an appeal mechanism, its policy violates [her] clearly

established rights." (Doc. 154 at 3); *see Prison Legal News v. Chapman*, 44 F. Supp. 3d 1289, 1304-05, 1307-08 (M.D. Ga. 2014) (concluding that jail officials were "not shielded by qualified immunity" and Prison Legal News ("PLN") was "entitled to recover damages" based on the jail's mail censorship policy, which did not "require[] a sender to be notified every time the Jail decide[d] not to deliver to an inmate a . . . multi page[] letter from the sender," and therefore "violate[d] PLN's Fourteenth Amendment procedural due process rights," as "clearly and explicitly established" by *Martinez* "almost forty years ago").

Defendants have not responded to Jacqueline Garber's motion for reconsideration, originally filed on December 1, 2016 in case 1:16-cv-137. Of the few legitimate grounds for granting such a motion, one is the need to correct a clear error. *See Jersawitz v. People TV*, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999). That is the case here, where the Court, in its previous order, failed to distinguish Ms. Garber's mail censorship claim from her other individual-capacity claims, which it dismissed based on Defendants' qualified immunity. (*See* Doc. 153 at 4). Ms. Garber has shown, and Defendants do not dispute, that they are not entitled to qualified immunity from her claim for damages based on the GCDC's mail censorship policy. *See Daker v. Warren*, 660 Fed. Appx. 737, 742-43 (11th Cir. 2016) (reversing grant of summary judgment to sheriff on plaintiff's individual-capacity mail censorship claim because, based on *Martinez*, "when a correctional facility is going to reject a

3

letter, mail, or package it must (1) provide written notice to the inmate of mail addressed to him; (2) provide the author of the mailing with a reasonable opportunity to protest th[e] decision; and (3) have an official other than the one who made the initial rejection of the correspondence review the complaint" (internal quotations omitted), and "there are issues of material fact as to whether [plaintiff] and those who sent the mailings received the reasonable notice they were entitled to").

**Conclusion**

For the foregoing reasons:

1. Defendants' Motion to Dismiss for Mootness Adam Garber's claims for prospective relief (Doc. 156) is **GRANTED**, and those claims are **DISMISSED as moot**;

2. Adam Garber, having no other claim now pending before this Court, is **DISMISSED**;

3. Jacqueline Garber's claims for prospective relief are also **DISMISSED as moot**;

4. Jacqueline Garber's Motion for Reconsideration (Doc. 154) is **GRANTED**, and her mail censorship claim for damages is **ALLOWED TO PROCEED** against the Defendants in their individual capacities.

Finally, to clear up any possible confusion arising from the consolidation of the Plaintiffs' two separate cases, with separate discovery deadlines, the Court will allow an **additional two-month discovery period** in this case, to begin upon the entry date of this Order.

AO 72A
(Rev.8/82)

**SO ORDERED** this 3rd day of March, 2017.

_/s/ Amy Totenberg_
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE